**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEMETRI GOLDSMITH,

    Defendant - Appellant.

No. 24-6231
(D.C. No. 5:22-CR-00065-J-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.

_____

Demetri Goldsmith pleaded guilty to assaulting a federal officer, and the district court sentenced him to serve 60 months in prison. Mr. Goldsmith appeals. His attorney believes that pursuing the appeal would be frivolous, and so she has moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We agree with the attorney's assessment. We therefore grant her motion to withdraw and dismiss this appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

While confined in a federal prison, Mr. Goldsmith filled a plastic bag with urine and, when a correctional officer came close to his cell door, squeezed the bag, shooting urine on the officer's face and torso. A grand jury indicted him for assaulting a federal officer with physical contact. *See* 18 U.S.C. § 111(a)(1). He pleaded guilty.

The sentencing guidelines suggested a prison term between 24 and 30 months. Troubled by Mr. Goldsmith's "history of similar conduct," R. vol. 3 at 52, the district court imposed 60 months to be served consecutively to the sentence Mr. Goldsmith was already serving for stabbing a different correctional officer.

Mr. Goldsmith filed this appeal. After his attorney opined it would be frivolous to pursue the appeal, we invited Mr. Goldsmith himself to present any arguments he wished to raise. He has done so.

II

Having examined the record, *see Anders*, 386 U.S. at 744, we agree with Mr. Goldsmith's attorney that it would be frivolous to pursue this appeal. We are not persuaded otherwise by Mr. Goldsmith's arguments.

*First*, Mr. Goldsmith contends the district court should not have considered his "prior history of similar conduct." Aplt. Resp. at 1. But the court was required to consider his "history and characteristics." 18 U.S.C. § 3553(a)(1).

*Second*, he wishes to challenge his sentence under "the relevant conduct law." Aplt. Resp. at 1. Although we remain unsure exactly what he means by this

2

statement, we see no possible appealable issue related to relevant conduct. In some cases, disputes arise over what conduct should be considered *relevant conduct*—that is, conduct used to calculate the guidelines sentencing range. *E.g.*, *United States v. Garcia*, 946 F.3d 1191, 1202–1211 (10th Cir. 2020); *see also* U.S. Sent'g Guidelines Manual § 1B1.3 (U.S. Sent'g Comm'n 2023) (defining relevant conduct). But no such dispute came up in this case, and the district court did not identify any relevant conduct aside from the actions constituting the assault itself.

*Third*, Mr. Goldsmith claims that he qualified to be sentenced under "the Youth Offenders Act." Aplt. Resp. at 1. Our best guess is that this argument refers to the Youth Corrections Act, a law that was repealed in 1984.

*Fourth*, he wishes to pursue a claim that he received ineffective assistance of counsel. But ineffective-assistance claims generally must be raised in collateral proceedings, not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). And we see no reason why that general rule should not apply in this case.

III

We grant defense counsel's motion to withdraw. We dismiss this appeal.

Entered for the Court

Per Curiam